### 1350.   ORR *v.* THE STATE.

1. Evidence of one alleged to have been shot, and for the shooting of whom a defendant has been convicted, that he was neither shot nor shot at by the accused at the time and place alleged in the indictment, and, in fact, that he never had been shot at by any person in his life, is not merely cumulative and impeaching. It goes to the substantial justice of the case, and, where the affiant's character is properly vouched for, such testimony tends to show that the verdict reached was the result of grave mistake or wilful perjury, and leads to the conclusion that a different result may be reached on another trial.

2. While motions for new trial upon the ground of newly discovered evidence are not to be favored, and new trials should not be granted because, subsequently to the trial, facts have been ascertained which, in the exercise of ordinary diligence, could have been discovered before the trial, still whether diligence used was ordinary, or less than ordinary, must be determined in each case by comparing the conduct under consideration with that of the ordinary man under similar circumstances. Ordinary diligence is affected by one's surroundings and attendant circumstances.

Indictment for shooting at another, from Coweta superior court. —Judge Freeman. July 29, 1908.

Argued October 7,—Decided October 26, 1908.

*W. L. Stallings, J. C. Newman,* for plaintiff in error.

*J. R. Terrell, solicitor-general,* contra.

RUSSELL, J.  The defendant in the court below was convicted of shooting at another.  He filed a motion for new trial, upon general grounds, which was thereafter amended by the addition of a ground insisting upon newly discovered evidence.  The motion for new trial was overruled, and he excepted.  In the indictment, which was for an assault with intent to murder, it was alleged that the defendant shot one Albert Ball with a pistol.  Upon the trial, witnesses swore that the defendant, Orr, not only shot at Albert Ball three times, and hit him in the leg, but that Ball was shot to the ground.  The evidence also showed, that Orr and Albert Ball had a personal encounter prior to the shooting, and that Orr also had a difficulty with Robert Ball, a brother of Albert Ball.  This was the case on the part of the State.  The defendant made a statement to the jury, in which he averred that he never shot at Albert Ball, though he admitted having a difficulty with Robert Ball, and stated that he shot at Robert Ball after Robert shot at him.

If the case rested upon the general grounds alone, the decision of the judge of the superior court in refusing a new trial would have been right.  We think, however, that the court erred in not granting a new trial upon the ground of newly discovered evidence.  In support of this ground of the motion, the movant produced the affidavit of Albert Ball, the person alleged to have been shot, in which he swore that not only had the defendant never shot at him, or shot him, but that, as a matter of fact, he had never been shot at in his life by any one.  Two questions are to be considered in the determination of the sufficiency of the newly discovered evidence, as presented by the record.  In the first place, should the motion have been refused because the newly discovered evidence was merely cumulative and impeaching?  Nothing is better settled, of course, than that in such a case a new trial will not be granted.  In the case at bar, however, while the evidence was impeaching, so far as it related to the testimony in behalf of the State, delivered upon the trial, it was more than cumulative.  If the witnesses had merely sworn that Henry Orr shot at Albert Ball, we might feel considerable reluctance in granting a new trial; because it would be possible for Albert Ball to have been shot at, if he was not hit, without being conscious of the fact.  But the testimony in behalf of the State went further,

and the witnesses not only swore that Albert Ball was *shot at,* but they proceeded to particularize by saying he was *hit in the leg.* When, therefore, the party alleged to have been shot and hit in the leg comes forward and swears he never was hit at all, and that the occurrence to which the State's witnesses testified never transpired, the newly discovered evidence does not come within the class of evidence merely cumulative and impeaching, but goes to the substantial justice of the case. If this testimony is true, the verdict of the jury finding the defendant guilty was either due to a gross mistake or to wilful perjury. While the courts are always reluctant to grant new trials upon the ground of newly discovered evidence, this ground not being a favorite of the law, still one of the tests to be applied to such evidence (no less than the determination of the question as to whether it is cumulative and impeaching) is whether the newly discovered evidence would likely produce a different result upon another trial. In other words, with evidence before another jury, from the person alleged to have been shot, that he never had been shot, is it likely that this defendant would be convicted?

It was insisted, however, that the newly discovered evidence did not authorize the grant of a new trial, because it could have been obtained before the trial, by the exercise of ordinary diligence. We concur in the proposition that a motion for a new trial, based upon the ground of newly discovered evidence, should be refused, when it appears that, by ordinary diligence before the trial, the facts could have been ascertained; and we have had occasion several times to advert to the fact that it is frequently remarkable how much of what could sooner have been ascertained can be discovered by the losing party after a verdict has been rendered against him; but whether ordinary diligence was exercised in a special case is to be determined by the peculiar facts and circumstances of each particular case for itself. What might be ordinary diligence under a certain state of facts might fall far short of it under different circumstances. In every case the exercise of ordinary diligence or its absence is to be determined by comparing the conduct under consideration with that of an ordinary man under similar circumstances; and indeed, in some contingencies, inaction may be the result of circumstances such as would cause every other ordinary man likewise to be inactive. In

the present case, no matter how diligent the defendant or his counsel, they could hardly have anticipated that the witness Albert Ball would testify as he has sworn since the trial. Even if the defendant knew, as a matter of fact, that he had never shot at Albert Ball, he would naturally have presumed, from the circumstances, that Albert Ball was prepared to testify that he had. The indictment alleged that he shot Albert Ball, and one ordinarily would have supposed that Albert Ball would testify to this fact. In reply to the argument that he could have seen Albert Ball in advance of the trial and have ascertained that Albert would swear to the contrary, we will only say, that while it is proper to ascertain in advance of the trial what each witness intends to testify, still, neither law nor the purest ethics encourages too great an intimacy or too frequent private conferences with witnesses subpoenaed by one's antagonist. Measuring the conduct of the defendant and his counsel by what we apprehend would be the conduct of an ordinarily diligent man, we do not doubt that the defendant expected Albert Ball to be present at court, and presumed that he would testify adversely to his interest instead of in his favor. For this reason, we think that the plaintiff in error and his counsel were not precluded, by lack of ordinary diligence, from having the jury consider the newly discovered evidence of the person alleged to have been shot.

*Judgment reversed.*